**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | |
|---|---|
| ALEXIS SZANDORA MILLHOUSE, | : Case No. 2:25-cv-491 |
| *aka Justin Dean Millhouse II,* | : |
| | : District Judge Sarah D. Morrison |
| Plaintiff, | : Magistrate Judge Elizabeth P. Deavers |
| | : |
| vs. | : |
| | : |
| DR. ARADHANA GILL, *et al.*, | : |
| | : |
| Defendants. | : |

**ORDER *and***
**REPORT AND RECOMMENDATION**

Plaintiff, an Ohio prisoner proceeding pro se, has filed a civil rights action under 42
U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction (ODRC) Psychiatry
Director Dr. Aradhana Gill, ODRC Medical Director Sonya Peppers, ODRC Behavioral Health
Legal Correspondent Lauren Chalupa, ODRC Director Annette Chambers-Smith, and
Chillicothe Correctional Institution (CCI) Warden Tim Shoop. Plaintiff asserts First, Fourth,
Eighth, and Fourteenth Amendment claims against Defendants in their individual and official
capacities arising out of alleged failures to properly treat Plaintiff's gender dysphoria. (Doc. 5).

This matter is before the Court for a *sua sponte* review of the Complaint to determine
whether the Complaint or any portion of it, should be dismissed because it is frivolous,
malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a
Defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**LEGAL STANDARD**

Because Plaintiff is a prisoner, and is proceeding *in forma pauperis*, the Court must
dismiss the Complaint, or any part of it, that is frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b). Complaints by pro se litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012).

In reviewing Plaintiff's Complaint at this stage, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Court is not required to accept factual allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "detailed factual allegations" are not required, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 662 (internal quotation and quotation marks omitted). In the end, "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## THE COMPLAINT

In 2021, Plaintiff, who was assigned male sex at birth but identifies as female, filed a lawsuit seeking hormone replacement therapy (HRT) to treat her[1] gender dysphoria. *See*

---

[1]The Court adopts the Sixth Circuit's convention of referring to transgender individuals by their preferred pronouns. *See McBee v. Campbell Cty. Detention Ctr.*, No. 17-5481/5943, 2018 WL 2046303, at *1 n.1 (6th Cir. Mar. 15, 2018).

*Millhouse v. Seleshi*, No. 2:21-cv-5210 (S.D. Ohio). Plaintiff settled the case (*see id.* (Doc. 99)), and the allegations in the instant case reflect that she has been receiving HRT. (*See* Case No. 2:25-cv-491 (Doc. 5, at PageID 448)). According to Plaintiff, the HRT has "given some relief" but she continues to suffer from anxiety, depression, and suicidal ideations from her gender dysphoria. (*Id.* at PageID 447-48). Plaintiff alleges that additional treatments and accommodations, including sex reassignment surgery (SRS), electrolysis, strip searches by female corrections officers, availability of feminine hygiene products at the commissary, and a transfer to a female prison, are needed. (*Id.* at PageID 447-49).

Plaintiff asserts that Defendants Chalupa, Gill, and Peppers are aware of Plaintiff's requests for medical treatments beyond HRT but have denied the requests based on ODRC policy or because the "ODRC isn't doing that right now." (*Id.* at PageID 447). Plaintiff states that ODRC's Assistant Chief Counsel, who is not named as a Defendant, told Plaintiff that ODRC policy does not bar other forms of treatment beyond HRT. (*Id.*). But, according to Plaintiff, "without that language in the policy itself [the policy] gives rise to a host of issues for" Plaintiff. (*Id.*). Plaintiff asserts that "[t]he signature on all these policies is" Defendant Chambers-Smith's. (*Id.* at PageID 448).

Plaintiff contends that the only evaluation Plaintiff has had for further treatment occurred by video interview on August 5, 2024, with Nicole Zayas, an ODRC employee who is not named as a Defendant and is not a gender dysphoria expert. (*Id.*). According to Plaintiff, it was recommended that she continue working on social transitioning but that advice ignored Plaintiff's request for further treatment. (*Id*). Plaintiff's request for a second evaluation was denied. (*Id.*).

3

Plaintiff alleges that she has attempted to socially transition as a female at CCI but has been retaliated against by certain CCI staff who are not named as Defendants.  (*Id.* at PageID 448).  Plaintiff further asserts that CCI staff ignore ORDC's LGBTI policy.  (*Id.*).  Plaintiff states that she has been strip searched by male staff, even though she has the same hormone levels as an adult female and the sex marker on her birth certificate has been changed.  (*Id.* at PageID 448, 463-64).  Plaintiff further asserts that when she complained Plaintiff was told by the PREA Coordinator and by Defendant Warden Shoop's assistant, neither of whom are named as Defendants, that Plaintiff was in a male prison and would be strip searched by males.  (*Id.* at PageID 448, 463-64).  Plaintiff contends that CCI staff and incarcerated persons consider her to be feminine looking and that a CCI lieutenant, who is not named as a Defendant, stated that Plaintiff "shouldn't be [at CCI] as a result."  (*Id.* at PageID 448).  Plaintiff asserts that there are transgender females at the Dayton Correctional Institution and at the Ohio Reformatory for Women and seeks a transfer to one of those facilities.  (*Id.* at PageID 449).  Plaintiff also asserts that her gender dysphoria is affected by not being able to wear make-up or buy feminine hygiene products at the commissary.  (*Id.*).

Plaintiff seeks monetary, injunctive, and declaratory relief.  (*Id.* at 450).

## ANALYSIS

Based on the above allegations, Plaintiff states that she is bringing claims against Defendants under the First Amendment (Claim One), Fourth Amendment (Claim Two), Eighth Amendment (Claim Three), and Fourteenth Amendment (Claim Four) to the United States Constitution.  (*Id.* at PageID 449).  Although Plaintiff does not further delineate her claims, the Court understands the Complaint to assert First Amendment retaliation claims against Defendant Shoop (Claim One); Fourth and Fourteenth Amendment equal protection claims

4

Defendant Shoop based on alleged unlawful strip searches (Claims Two and Four); Eighth Amendment deliberate indifference claims against each of Defendants based on the alleged denials of Plaintiff's requests for additional gender dysphoria treatments and/or accommodations (Claim Three), and Eighth and Fourteenth Amendment equal protection claims against Defendant Shoop based on Plaintiff's continued placement at CCI (Claims Three and Four). (*See id.*).

At this stage in the proceedings, without the benefit of briefing by the parties, the Undersigned concludes that Plaintiff may proceed at this juncture for further development on her Fourth and Fourteenth Amendment equal protection claims against Defendant Shoop for alleged unlawful strip searches based on Plaintiff's allegations suggesting a CCI policy requiring Plaintiff to be strip searched by male officers (Claims Two and Four), *see, e.g.*, *Nation v. White*, No. 5:20-cv-104, 2021 WL 768132, at *4 (W.D. Ky. Feb. 26, 2021); her Eighth Amendment deliberate indifference claims against Defendants Chalupa, Gill, Peppers, and Chambers-Smith based on Plaintiff's allegations that these Defendants either denied or implemented an ODRC policy that caused the denial of her requests for electrolysis and SRS (Claim Three), *see, e.g.*, *Fisher v. Fed. Bureau of Prisons*, 484 F. Supp. 3d 521, 542 (N.D. Ohio 2020); her Eighth Amendment deliberate indifference and Fourteenth Amendment equal protection claims against Defendant Shoop for alleged denial of feminine hygiene items based on Plaintiff's allegations suggesting a CCI policy prohibiting the sale of makeup and feminine toiletries necessary for Plaintiff's social transitioning (Claims Three and Four), *see, e.g., Doe v. Georgia Dep't of Corr.*, 730 F. Supp. 3d 1327, 1342 (N.D. Ga. 2024) (Eighth Amendment); *Garcia v. Nevada*, No. 2:17-CV-359, 2019 WL 11731008, at *5 (D. Nev. Mar. 22, 2019) (Fourteenth Amendment); *but see Murray v. U.S. Bureau of Prisons*, 106 F.3d 401 (6th Cir. 1997) ("Cosmetic products are not

among the minimal civilized measure of life's necessities."); and Plaintiff's Eighth Amendment deliberate indifference and Fourteenth Amendment equal protection claims against Defendant Shoop for her continued housing at CCI based on Plaintiff's allegations that there are other transgender women housed at female correctional facilities (Claims Three and Four), *see, e.g.*, *Campbell v. Bruce*, No. 17-cv-775, 2017 WL 6334221, at *3-4 (W.D. Wisc. Dec. 1, 2017).[2] The Court advises Plaintiff that this is only a preliminary determination. The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20-v-220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

The remainder of the Complaint, however, should be dismissed. As an initial matter, Plaintiff's First Amendment retaliation claims should be dismissed. "Direct personal involvement is, absent some theory like that asserted against [a defendant] based on [his or her] policy-making role, a necessary precondition to holding a government official liable under § 1983." *Barker v. Goodrich*, No. 2:07-cv-946, 2011 WL 6258303, at *3 (S.D. Ohio Dec. 15, 2011) (citing *Monell v. Department of Social Services,* 436 U.S. 658 (1978); *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999)). Plaintiff does not allege a policy of retaliation at CCI or that Defendant Shoop or any of Defendants were involved in the alleged retaliation against her. *Respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992). Rather,

---

[2]The Court does not understand Plaintiff to be bringing a Fourteenth Amendment due process claim relating to her current housing assignment. However, such a claim would be subject to dismissal for failure to state a claim. *See, e.g.*, *Eagle*, 2025 WL 270555 at *4 (noting that "[c]ourts have held that prisoners generally do not have a liberty interest in avoiding being transferred to another prison, or in being housed in a particular institution").

"§ 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Because Plaintiff does not allege that Defendants were personally involved in any of the alleged retaliation, Plaintiff's retaliation claims should be dismissed for failure to state a claim upon which relief can be granted.

Next, Plaintiff's Complaint contains allegations against several individuals who are not named as Defendants. Because such individuals are not named as Defendants, and thus are not parties to this case, the Court declines to analyze Plaintiff's statements with respect to them and recommends that any purported claims against them be dismissed without prejudice for failure to state a claim upon which relief can be granted. *See Chapple v. Franklin Cty.*, No. 2:21-cv-5086, 2022 WL 856815, at *16 (S.D. Ohio Mar. 23, 2022), *report and recommendation adopted as modified sub nom. Chapple v. Franklin Cty. Sheriff's Officers FCCC 1 & 2*, No. 2:21-cv-5086, 2022 WL 16734656 (S.D. Ohio Nov. 7, 2022).

Additionally, a § 1983 claim cannot be based on a violation of ODRC policy. *See Williams v. Burgess*, No. 5:21-cv-99, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007)) ("The purpose of § 1983 is to remedy violations of federal law, not state law."); *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate"). Thus, to the extent Plaintiff alleges that any of Defendants violated ODRC policy, such a claim should be dismissed. *See Brown v. Mahlman*, No. 1:22-cv-239, 2022 WL 17817615, at *3 (S.D. Ohio Dec. 19, 2022) (dismissing alleged violations of ODRC policy because they "fall outside the scope of § 1983").

7

Finally, to the extent that Plaintiff seeks money damages from Defendants in their official capacities, the Eleventh Amendment bars recovery of monetary relief against state employees in their official capacities. *Maben v. Thelen*, 887 F.3d 252, 270-71 (6th Cir. 2018) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169-70 (1985)). States are immune from damage suits absent an express waiver, and the State of Ohio has not made such a waiver. *Mixon v. Ohio*, 193 F.3d 389, 396-97 (6th Cir. 1999) (citations omitted); *Cook v. Trostel*, No. 2:23-cv-2314, 2024 WL 4451535, at *3 (S.D. Ohio July 12, 2024) (citations omitted). Defendants in their official capacities are therefore immune from suit to the extent that Plaintiff seeks monetary damages. As a result, any request for monetary relief against Defendants in their official capacities should be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

In sum, Plaintiff may proceed at this juncture on her Fourth and Fourteenth Amendment unlawful strip-search claims against Defendant Shoop based on Plaintiff's allegations suggesting a CCI policy requiring Plaintiff to be strip-searched by male officers; her Eighth Amendment deliberate indifference claims against Defendants Chalupa, Gill, Peppers, and Chambers-Smith based on Plaintiff's allegations that these Defendants either denied or implemented an ODRC policy that caused the denial of her requests for electrolysis and SRS; her Eighth Amendment deliberate indifference and Fourteenth Amendment equal protection claims against Defendant Shoop based on Plaintiff's allegations suggesting a CCI policy prohibiting the sale of makeup and feminine toiletries necessary for Plaintiff's social transitioning; and Plaintiff's Eighth Amendment deliberate indifference and Fourteenth Amendment equal protection claims against Defendant Shoop for her continued housing at CCI based on Plaintiff's allegations that there are other transgender women housed at female correctional facilities (Claims Three and Four). But,

8

Plaintiff's First Amendment retaliation claims, her claims against unnamed Defendants, her claims based on violations of ODRC policy, and her official capacity claims for monetary relief should be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's First Amendment retaliation claims be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted, 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b);

2.      Plaintiff's claims against unnamed Defendants be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted, 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b);

3.      Plaintiff's claims for violations of ODRC policy be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted, 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); and

4.      Plaintiff's official capacity claims for monetary relief be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted, 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1.      Plaintiff may proceed at this juncture on her (1) Fourth and Fourteenth Amendment unlawful strip-search claim against Defendant Shoop based on Plaintiff's allegations suggesting a CCI policy requiring Plaintiff to be strip searched by male officers; (2) Eighth Amendment deliberate indifference claims against Defendants Chalupa, Gill, Peppers, and Chambers-Smith based on Plaintiff's allegations that these Defendants either denied or

9

implemented an ODRC policy that caused the denial of her requests for electrolysis and SRS; (3) Eighth Amendment deliberate indifference and Fourteenth Amendment equal protection claims against Defendant Shoop based on Plaintiff's allegations suggesting a CCI policy prohibiting the sale of makeup and feminine toiletries necessary for Plaintiff's social transitioning; and (4) Eighth Amendment deliberate indifference and Fourteenth Amendment equal protection claims against Defendant Shoop for her continued housing at CCI based on Plaintiff's allegations that there are other transgender women housed at female correctional facilities.

2.      If Plaintiff wishes United States Marshal to affect service, she must submit copies of the Complaint together will copies of the exhibits for each Defendant.  The Court will then direct the United States Marshal shall serve a copy of the Complaint, summons, the Order granting Plaintiff *in forma pauperis* status (Doc. 4), and this Order and Report and Recommendation upon Defendants.

3.      Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4.      Plaintiff must keep this Court informed of her current address and promptly file a Notice of New Address if she is released or transferred.

**PROCEDURE ON OBJECTIONS:**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

February 2, 2026                                        *s/ Elizabeth A. Preston Deavers*
                                                        Elizabeth A. Preston Deavers
                                                        UNITED STATES
                                                        MAGISTRATE JUDGE

11

*q